# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Stephan P. Foryan,

    Plaintiff,

v.

UNITED STATES,

    Defendant.

No. 1:06-cv-01947 (RBW)

OPPOSITION TO MOTION TO DISMISS

**RECEIVED**

FEB 1 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## OPPOSITION TO MOTION TO DISMISS

Defendant, through Counsel, has moved to dismiss the complaint in the above captioned action for lack of subject matter jurisdiction, and failure to state a claim upon which relief can be granted. Defendant's motion fails on both grounds, as follows:

### JURISDICTION IS PROPER

Clearly, the Court has subject matter jurisdiction of over the instant action, which is brought under Title 26 U.S.C. Section 7431(a)(1). Counsel's contrary arguments are groundless and her opinions regarding whether or not §7431 and §7433 should coexist are unpersuasive and irrelevant. Absent action from Congress, the presumption that Congress intended both §7431 and §7433 to coexist and be available to taxpayers must prevail.

### PLAINTIFF CLEARLY STATES A CLAIM UPON WHICH CAN BE GRANTED

Counsel incorrectly argues that Plaintiff failed to state a claim. Plaintiff has adequately alleged violations of specific sections of the Internal Revenue Code. Moreover, Plaintiff is suing

under 26 U.S.C. 7431 and as such, Plaintiff is not required to submit an administrative claim. That Counsel does not comprehend, or simply disagrees with Congress as to the coexistence and availability of §7431 and §7433 is irrelevant. Counsel is without power or authority to effect or amend such legislation.

## QUESTION PRESENTED

Can Counsel for the defendant, through her intentional misreading, mischaracterization, and misrepresentation of the case at bar, effect a stealth repeal of a statute enacted by Congress?

## DISCUSSION

Congress is fully aware of the existence and availability of both §7431 and §7433. Further, Congress has not seen fit to repeal §7431, thus, as intended by Congress, both §7431 and §7433 are available to taxpayers. §7431 was added as Pub. L. 97-248, title III, § 357(a), Sept. 3, 1982, 96 Stat. 645, and has been amended 5 times since its enactment. Three of the aforementioned amendments occurred after §7433 was added. Such a history clearly proves that Congress had ample opportunity to consider §7431 and §7433 on several occasions. Congress's intent that §7431 and §7433 be construed separately is most notably found in the fact that both provisions were last amended in the IRS Restructuring and Reform Act of 1998; §§ 3101(f) and 6012(b)(3) of Pub. L. 105-206. Said amendment actually strengthened and expanded the scope of §7431 at the same time that § 3102 added a provision regarding negligence to §7433.

Counsel is strongly in favor of the Court somehow barring Plaintiff's §7431 action, and clearly disagrees with Congress as to the availability of §7431. Counsel argues (Def.'s Mem. pg 7 ¶ 3) "To hold otherwise would enable a taxpayer, whose return information was disclosed as part of collection activity, to recover damages under both sections 7431 and 7433, or to elect the

more favorable scheme of relief, depending on the alleged violation." Congress, however has chosen to leave §7431 available to taxpayers. Plaintiff contends that the instant matter is properly brought under §7431, a statute made available by Congress to allow suits for unauthorized disclosure. Plaintiff is availing himself to §7431 exactly as Congress intended.

Counsel's voluminous case citations are unpersuasive and certainly not precedent. As detailed in 18 Moore's Federal Practice § 134.02[1][d] ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."); and *Northwest Forest Resource Council v. Dombeck*, 107 F.3d 897, 900 (D.C. Cir. 1997). Counsel's citations regarding §7431 carry even less weight when contained, as they are by Counsel, in an argument which fluctuates between (dubiously) addressing the instant matter and a very obvious desire to convince the Court the instant matter should somehow be converted to a §7433 action. Counsel argues strenuously for the conversion of the instant matter into a §7433 action, rather than addressing the case at bar.

Counsel's citations of §7433 cases, and her opinions thereof are completely immaterial in regards to this Plaintiff's §7431 action. Moreover, Counsel seeks not only to convert Plaintiff's action, Counsel also seeks to convert the Court into a legislative forum. In the case of §7431 and §7433, Congress has already legislated their intent into the Law and subsequent amendments. Plaintiff respectfully submits that Title 26 U.S.C. §7431 must be available to Plaintiff as Congress intended. Attempts, such as Counsel's, to use the Courts as legislative forums, have been struck down by the Supreme Court on several occasions.

The Supreme Court, in Holmes v. Securities Investor Protection Corp., 503 U.S. 258 (1992), had this to say regarding attempts to restrict the scope of that which Congress has enacted:

We expressly acknowledged that "if Congress had legislated the elements of a private cause of action for damages, the duty of the Judicial Branch would be to administer the law which Congress enacted; the Judiciary may not circumscribe a right which Congress has conferred because of any disagreement it might have with Congress about the wisdom of creating so expansive a liability." Emphasis added

Such a mandate from the Supreme Court bears heavily against Counsel's invitation to the Court to somehow legislate away that which Congress has put into Law.

Further, in *United States* v. *Turkette*, 452 U.S. 576, 587 (1981), the Supreme Court opined:

"That being the case, the courts are without authority to restrict the application of the statute."

Thus, Counsel's attempt to convert the Court into a legislative forum fails.

### COUNSEL CLAIMS KNOWLEDGE OF CONGRESS' INTENT

Counsel boldly asserts, "Congress did not intend to allow a taxpayer to receive double recovery for the same conduct, or to shop for a more favorable remedial scheme." This assertion of knowledge by Counsel runs afoul of her apparent inability to comprehend the fact that Congress clearly intends both §7431 and §7433 remain available to taxpayers. As detailed in the legislative history of §7431, above, Congress has had many opportunities to amend or repeal §7431, but has instead strengthened said provision. The conspicuous presence of §7431 and its history of surviving legislative review is a clear indication Congress intends both §7431 and §7433 to remain available to taxpayers. Despite Counsel's claim to be knowledgeable of Congress' intent, she appears confused and, or unwilling to accept Congress' true intent.

### COUNSEL'S ARGUMENT AGAINST HERSELF

Counsel argues vehemently that disclosure of confidential taxpayer information upon notices of lien is not actionable under §7431, (Def's Mem. pg 10 – 12) because, in (one of)

Counsel's view(s), notices of lien are collection tools. However, within Counsel's argument, she plainly states, "Had the information not been disclosed, Plaintiff's creditors would have no way to discover the existence of the lien." *ie:* notice of lien is a "notice" tool. (Def's Mem. pg 12 ¶ 2)

<u>Clearly, Counsel is aware of the fact that notices of lien are NOT collection tools</u>. She admits and concedes no less through her affirmations and citations. Counsel soundly defeats her own argument by affirming such "notices" are designed to do just that; to put the public on "notice". Putting the final nail in the coffin of her "collection action" argument, Counsel next cites from *William E. Schrambling Accountancy Corp. v. United States, 937 F.2d at 1489*, the following:

"Indeed, the purpose of recording the lien *** is to place the public on notice of the lien."

Thus, before reaching the end of her very detailed diatribe, Counsel succeeds in defeating her own argument as to whether or not notices of lien are "collection actions".

As Counsel plainly states, and with the support of citing <u>Schrambling,</u> the filing of notices of lien is <u>not a collection action</u>. Rather, as held in <u>Schrambling</u>, "...the purpose of recording the lien *** is to place the public on notice of the lien."


### DFENDANT'S MOTION RELIES UPON AN ASPIRATION, NOT LAW

Counsel has gone to great lengths in her effort to convert the instant action into a §7433 suit. However, Plaintiff is correctly bringing the instant action under §7431. Counsel's motion fails in that said motion and memorandum (dubiously) in support thereof rely solely upon Counsel's desire to have the Court "mis" treat the instant action as something it clearly is not. Failing to do so, Counsel has not effectively addressed Plaintiff's complaint, and cannot move the Court to act. Defendant's motion comes unsupported in that Counsel has chosen to ignore the

material allegations contained in Plaintiff's complaint, and has instead argued against something not before the Court. Plaintiff' complaint is sworn testimony, and in affidavit form. As such, Plaintiff cannot be compelled by Counsel to alter said testimony. Nor can Counsel compel Plaintiff to retreat from a cause of action authorized and approved by Congress.

### COUNSEL'S "NOTICE OF RELATED CASES"

Included in Counsel's mailing was a document entitled "Notice of Related Cases". Plaintiff is not familiar with the cases listed upon Counsel's "Notice". However, such a "Notice" appears to be an admission that the wrongdoing complained of by this Plaintiff is far more prevalent than this Pro se Plaintiff had imagined.

### CONCLUSION

Defendant's motion fails on every ground upon which it relied. Counsel for the defendant has not addressed the case at bar, and has instead invoked her own aspiration to convert the instant matter into something it is not. Plaintiff respectfully requests the Court deny defendant's motion to dismiss in its entirety.

Respectfully entered February 9, 2007.

_Stephan P. Foryan_
Stephan P. Foryan

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Opposition to Motion to Dismiss was served on February 9, 2007, by USPS to the following person, addressed as follows:

NICOLE M. STODUTO
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044

*Stephan P. Foryan*

Stephan P. Foryan