IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHAN P. FORYAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 1:06-cv-01947 RBW |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**REPLY TO PLAINTIFF'S OPPOSITION TO
UNITED STATES' MOTION TO DISMISS**

This is a suit brought under 26 U.S.C. § 7431 in an attempt to recover damages allegedly caused by the Internal Revenue Service (the "Service") disclosing confidential return information.

STATEMENT

On February 2, 2007, the United States filed a motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. On February 15, 2007, Plaintiff filed a response to the United States' motion to dismiss.

In his response, Plaintiff alleges that the United States is attempting to treat 26 U.S.C. § 7433 as though it repeals 26 U.S.C. § 7431. Plaintiff also alleges that the United States is attempting to convert his action into one under section 7433 and that notices of federal tax lien are not collection tools.

ARGUMENT

I.   The Filing of Notices of Federal Tax Liens Is a Collection Activity

The filing of notices of federal tax liens is a collection activity. <u>Opdahl v. United States</u>, 2001 WL 1137296, at *2 (D.D.C. Aug. 16, 2001) ("Federal courts have held that disclosure of return information in notices of levy is 'necessary to the collection activity' and thus falls within the § 6103(k)(6) exemption. The limited information concerning plaintiff's tax deficiencies included in the notice of lien and levies was 'necessary to the collection activity' and did not violate 26 U.S.C. § 7431.") (internal citations omitted).

Contrary to Plaintiff's contention, the notice of federal tax lien attached to his complaint was filed in connection with the official duties of the Service in attempting to collect Plaintiff's tax liabilities. Had the information not been disclosed, Plaintiff's creditors would have no way to discover the existence of the lien. "Indeed, the purpose of recording the lien...is to place the public on notice of the lien." <u>William E. Schrambling Accountancy Corp. v. United States</u>, 397 F.2d 1485, 1489 (9th Cir. 1991).

II.  Although Section 7433 and Section 7431 Coexist, Plaintiff's Only Possible Avenue of Recourse Is Section 7433.

Section 7433 of the Internal Revenue Code provides the exclusive remedy for allegedly unauthorized or improper collection actions. Disclosures of return information allegedly made in the course of collection actions, e.g., the filing of notices of federal tax lien, are subsumed within this exclusive remedy. In <u>Shwarz v. United States</u>, the Ninth Circuit held that section 7433 is the exclusive remedy for alleged

unauthorized disclosures of tax return information that occur in the course of collection activity, and barred a claim under section 7431 in such a case. Shwarz v. United States, 234 F.3d 428 (9th Cir. 2000). This Court recently concurred with the holding in Shwarz and dismissed a complaint nearly identical to that of Plaintiff. Koerner, et al. v. United States, __ F. Supp. 2d __, 2007 WL 159716, at *3 (D.D.C. 2007) ("Accordingly, § 7433 is plaintiffs' only possible avenue of recourse and the Court lacks subject matter jurisdiction to hear plaintiffs' claims under § 7431.").

Contrary to Plaintiff's contention, the United States is not arguing that section 7433 repealed section 7431 nor is it arguing that the two sections do not coexist. Rather, it is the position of the United States that Plaintiff's remedy for an alleged violation of section 6103 during the tax collection process is found exclusively in section 7433.

### III. Under Either Section 7433 or Section 7431, Plaintiff Fails to State a Claim Because There Was No Unlawful Disclosure

Section 7431 and section 7433 provide for civil damages if there is a violation of section 6103. Section 6103(a) is a general taxpayer privacy-protection statute, and states the general rule that return information shall be confidential, and that, except as authorized, such information shall not be disclosed. Church of Scientology of California v. Internal Revenue Service, 484 U.S. 9, 10 (1987); see also Koerner, et al. v. United States, __ F. Supp. 2d __, 2007 WL 159716, at *3 (D.D.C. 2007) ("[N]ot all disclosures of tax return information violate § 6103."). The Internal Revenue Code contains a number of specific and several general exceptions to this rule of non-disclosure.

Section 6103(k)(6) and the pertinent regulations "plainly indicate that disclosure of return information necessary to accomplish collection activities, including the...filing of notices of federal tax liens, is exempt from the general disclosure prohibition of Section 6103(a)." Elias v. United States, No. 90-0432, 1990 WL 264722, at *5 (C.D. Cal. Dec. 21, 1990), aff'd mem., 974 F.2d 1341 (9th Cir. 1992); see also, Long v. United States, 972 F.2d 1174, 1180 (10th Cir. 1993) ("6103(k)(6) authorizes an IRS employee to disclose tax return information in the issuance of liens."); Mann v. United States, 204 F.3d 1012, 1018 (10th Cir. 2000) ("6103(k)(6) and the relevant regulations do permit disclosure of tax return information when made in notices of lien.").

Therefore, under either section 7433 or section 7431, Plaintiff has not alleged sufficient facts upon which to posit a violation of 26 U.S.C. § 6103. As noted above, the Court recently concluded that the filing of notices of federal tax liens does not violate section 6103 and related Treasury regulations. Koerner, et al. v. United States, __ F. Supp. 2d __, 2007 WL 159716, at *4 (D.D.C. 2007).

//
//
//
//
//
//

CONCLUSION

For the above stated reasons, the United States' motion to dismiss should be granted.

DATE: February 21, 2007

                                        Respectfully submitted,

                                         /s/ Nicole M. Stoduto
                                        NICOLE M. STODUTO
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        Post Office Box 227
                                        Washington, D.C. 20044
                                        Telephone: (202) 616-9785
                                        Facsimile: (202) 514-6966
                                        Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHAN P. FORYAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 1:06-cv-01947 RBW |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' REPLY was caused to be served upon Plaintiff *pro se* on the 21st day of February, 2007, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

STEPHAN P. FORYAN
Plaintiff *pro se*
8995 Rd 16 NE
Moses Lake, Washington 98837.

/s/ Nicole M. Stoduto
NICOLE M. STODUTO